THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 2:22-cv-00829

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

    Plaintiff,

v.

MOLA PIZZA, INC. d/b/a BELLA NAPOLI
PIZZERIA & RESTAURANT and MYPIZZA
TECHNOLOGIES, INC. d/b/a SLICE,

    Defendants.

## COMPLAINT

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") sues defendants Mola Pizza, Inc. d/b/a Bella Napoli Pizzeria & Restaurant ("Mola Pizza") and MyPizza Technologies, Inc. d/b/a Slice ("Slice") (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida.

2. Mola Pizza is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 1938 Kings Highway, Punta Gorda, FL 33980. Mola Pizza's agent for service of process is: Vitangelo Recchia, 1391 South Ocean Blvd, Unit 706, Pompano Beach, FL 33062.

3. Slice is a corporation organized and existing under the laws of the State of

Delaware with its principal place of business located at 902 Broadway, New York, NY 10010. Slice's agent for service of process is: Ilir Sela, 902 Broadway, New York, NY 10010.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Mola Pizza because it has maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

6. This Court has personal jurisdiction over Slice pursuant to Fla. Stat. §§ 48.193(1)(a)(2) because it committed a tortious act within this state, and the exercise of personal jurisdiction over it would not offend traditional notices of fair play and substantial justice. "Copyright infringement is a tortious act, and the Florida long-arm statute confers jurisdiction if the effects of the infringement were felt in the state. Here, it is undisputed that Plaintiff is a resident of Florida, and as such the effects of any alleged copyright infringement would be felt in Florida." Vallejo v. Narcos Prods., LLC, No. 1:18-cv-23462-KMM, 2019 U.S. Dist. LEXIS 198109, at *5 (S.D. Fla. June 14, 2019) (citing Roberts v. Gordy, No. 13-24700-CIV, 2015 U.S. Dist. LEXIS 180644, 2015 WL 11202580, at *2 (S.D. Fla. Apr. 14, 2015)); Roof & Rack Prods., Inc. v. GYB Inv'rs, LLC, No. 13-80575-CV, 2014 U.S. Dist. LEXIS 92334, at *2 (S.D. Fla. July 8, 2014) ("Copyright infringement is a tortious act, and a person who infringes upon a copyright whose owner resides in Florida causes injury inside the state."); Venus Fashion, Inc. v. Changchun Chengji Tech. Co., No. 16-61752-CIV-DIMITROULEAS/S, 2016 U.S. Dist. LEXIS 194263, at *6-7 (S.D. Fla. Nov. 2, 2016) ("In cases involving online intellectual property infringement, the posting of an infringing item on a website may cause injury and occur in Florida

by virtue of the website's accessibility in Florida, regardless of where the offensive material was posted.") (collecting cases).

7. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or its agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I.  Plaintiff's Business and History

8. Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

9. Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers a monthly subscription service which provides access to/license of tens of thousands of professional images.

10. Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a minimum monthly fee of $999.00 for access to its library of professional photographs.

11. Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase. Plaintiff's business model relies on its recurring monthly

subscription service such that Plaintiff can continue to maintain its impressive portfolio.

12. Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for us of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

## II.   The Work at Issue in this Lawsuit

13. In 2007, Plaintiff created a photograph titled "FettuciniAlfredo001" (the "<u>Work</u>"). A copy of the Work is exhibited below:



14. The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the Photograph to Plaintiff) with the Register of Copyrights on August 23, 2016 and was assigned Registration No. VA 2-014-708. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as

**Exhibit "A."**

15. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendants' Unlawful Activities

16. Mola Pizza owns and operates a restaurant in Port Charlotte, Florida. Mola Pizza primarily sells Italian cuisine.

17. Mola Pizza advertises/markets its business primarily through its website (https://bellanapoli1938.com/), social media (e.g., https://www.facebook.com/bellanapoli1938 and https://www.instagram.com/bellanapoli1938/), and other forms of advertising.

18. Slice is an online food ordering platform for independent pizzerias. Slice allows pizzeria owners (like Mola Pizza) to offer their products to customers using a mobile-optimized website, where customers can place orders through the Slice app and social media channels.

19. Slice advertises/markets its business primarily through its website (https://slicelife.com/), social media (e.g., https://www.facebook.com/SlicePizzaApp/), and other forms of advertising.

20. At all times relevant hereto, Mola Pizza and Slice maintained a contractual relationship whereby Slice provided the software to manage the ordering, operations, and marketing for Mola Pizza.

21. On a date after Plaintiff's above-referenced copyright registration of the Work, Mola Pizza and/or Slice published the Work on Slice's website (at https://slicelife.com/restaurants/fl/port-charlotte/33980/bella-napoli-pizzeria-restaurant-1938-kings-hwy-port-charlotte/menu):

22. On April 27, 2017, Mola Pizza published the Work on its Facebook page (at https://www.facebook.com/bellanapoli1938/photos/pb.100063559181172.-2207520000./1700450923426855/?type=3):



23. A true and correct copy of screenshots of Slice's website and Mola Pizza's Facebook page, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

24. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with Defendants' website, social media, or for any other purpose.

25. Defendants utilized the Work for commercial use – namely, in connection with the marketing and sales for Mola Pizza.

26. Upon information and belief, Mola Pizza and/or Slice located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for Mola Pizza's own commercial use.

27. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work in May 2022.

28. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (Slice)

29. Plaintiff re-alleges and incorporates paragraphs 1 through 28 as set forth above.

30. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

31. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

32. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Slice had access to the Work prior to its own reproduction, distribution, and public display of the Work on Slice's website.

33. Slice reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

34. By its actions, Slice directly infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly

displaying the Work for its own commercial purposes and for the commercial purposes of Mola Pizza.

35. Alternatively, to the extent Slice did not directly infringe Plaintiff's rights in the Work, Slice is liable for contributory infringement.

36. "Even though the Copyright Act does not specifically provide for secondary liability, vicarious and contributory copyright infringement are well established principles derived from common law." BUC Int'l Corp. v. Int'l Yacht Council Ltd., 489 F.3d 1129, n. 19 (11th Cir. 2007) (citing Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930-31, 125 S. Ct. 2764, 2776, 162 L. Ed. 2d 781 (2005)). "For [a defendant] to be secondarily liable, the [plaintiff] must establish that there has been direct infringement by a third party." Venus Fashions, Inc. v. ContextLogic, Inc., No. 3:16-cv-907-J-39MCR, 2017 U.S. Dist. LEXIS 155748, at * 32 (M.D. Fla. Jan. 17, 2017); Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1245 (11th Cir. 2007) ("contributory infringement claim requires, at a minimum, both an allegation of a direct infringement by a third party, and an allegation of an intentional or knowing contribution to that infringement by the defendant.").

37. "A claim of contributory copyright infringement arises against one who intentionally induces or encourages the direct infringement of another." Cambridge Univ. Press v. Patton, 769 F.3d 1232, 1242 n.6 (11th Cir. 2014); BUC Int'l Corp., 489 F.3d at 1138 n.19 ("Contributory copyright infringement refers to the intentional inducement, causation or material contribution to another's infringing conduct.").

38. As Slice guides and implements the marketing plans for its clients, Slice has the ability to influence and control the infringing acts of its clients.

39. Thus, assuming Slice did not directly infringe, Slice caused or materially

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

contributed to Mola Pizza's infringing activity. Slice encouraged Mola Pizza to utilize copyrighted imagery on Slice's website, all while knowing the material was copyright protected.

40. Slice obtained a direct financial benefit from its own and/or Mola Pizza's infringing activities.

41. Slice's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Slice itself utilizes a copyright disclaimer on its website ("Copyright © 2022 Slice"), indicating that Slice understands the importance of copyright protection and intellectual property rights. Further, as a publisher of digital media content, Slice clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

42. Plaintiff has been damaged as a direct and proximate result of Slice's infringement.

43. Plaintiff is entitled to recover its actual damages resulting from Slice's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Slice's profits from infringement of the Work, which amounts shall be proven at trial.

44. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

45. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Slice's conduct.

46. Slice's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Slice as follows:

a. A declaration that Slice has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Slice, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Slice, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### (Mola Pizza)

47. Plaintiffs re-allege and incorporate paragraphs 1 through 28 as set forth above.

48. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

49. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

50. As a result of Plaintiff's reproduction, distribution, and public display of the Work,

Mola Pizza had access to the Work prior to its own reproduction, distribution, and public display of the Work on its social media.

51. Mola Pizza reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

52. By its actions, Mola Pizza infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

53. Alternatively, to the extent Mola Pizza did not directly infringe Plaintiff's rights in the Work, Mola Pizza is liable for vicarious infringement.

54. "Even though the Copyright Act does not specifically provide for secondary liability, vicarious and contributory copyright infringement are well established principles derived from common law." BUC Int'l Corp., 489 F.3d at n. 19 (internal citation omitted). "For [a defendant] to be secondarily liable, the [plaintiff] must establish that there has been direct infringement by a third party." Venus Fashions, Inc., No. 3:16-cv-907-J-39MCR, 2017 U.S. Dist. LEXIS 155748, at * 32;

55. "Vicarious liability occurs when one has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." Faulkner Press, L.L.C. v. Class Notes, L.L.C., No. 1:08cv49-SPM/AK, 2009 U.S. Dist. LEXIS 61022, at *3 (N.D. Fla. Mar. 31, 2009); Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930-31 (2005) ("Liability for vicarious copyright infringement arises … even if the defendant initially lacks knowledge of the infringement."); Coach Inc. v. Kim's Mgmt., Inc., No. 1:10-CV-02746-JJOF, 2012 U.S. Dist. LEXIS 179557, at *11 (N.D. Ga. Feb. 28, 2012) ("Vicarious copyright infringement liability is an outgrowth of respondeat superior.") ; UMG Recordings, Inc. v. Bright

House Networks, LLC, No. 8:19-cv-710-MSS-TGW, 2020 U.S. Dist. LEXIS 122774 (M.D. Fla. July 8, 2020) ("The doctrine subsequently expanded to cover independent-contractor relationships as well.")

56. As the owner of the website in question and the entity which retained Slice to design/publish content thereon, Mola Pizza has the right and ability to control the infringing acts of Slice yet declined or failed to stop Slice from engaging in its infringing activity.

57. Mola Pizza's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Mola Pizza itself utilizes a copyright disclaimer on its website ("Copyright 2021 – Bella Napoli Pizzeria and Restaurant"), indicating that Mola Pizza understands the importance of copyright protection and intellectual property rights. Mola Pizza clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

58. Plaintiff has been damaged as a direct and proximate result of Mola Pizza's infringement.

59. Plaintiff is entitled to recover its actual damages resulting from Mola Pizza's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Mola Pizza's profits from infringement of the Work, which amounts shall be proven at trial.

60. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

61. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Mola Pizza's conduct.

62. Mola Pizza's conduct has caused, and any continued infringing conduct will

continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Mola Pizza as follows:

a. A declaration that Mola Pizza has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Mola Pizza, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Mola Pizza, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: December 23, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065

Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza_____
    Daniel DeSouza, Esq.
    Florida Bar No.:  19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700
    Lauren M. Hausman, Esq.
    Florida Bar No.: 1035947